UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BAILBONDSMAN WENDELL,

                                    **REPORT AND RECOMMENDATION**

                Plaintiff,                    22-CV-6725 (LDH) (CLP)

      -against-

NEW YORK CITY POLICE COMMISSIONER,
MICHAEL CODD, POLICE COMMISSIONER
KEECHANT L. SEWELL,

                Defendants.
-----------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

On November 8, 2022, Plaintiff BailBondsman Wendell, appearing *pro se*, commenced this action against Michael Codd, a former New York City Police Commissioner and Keechant L. Sewell, the current New York City Police Commissioner, alleging violations of the Fourth and Fourteenth Amendments of the United States Constitution. (ECF No. 1). On December 7, 2022, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915. (ECF No. 4). For the reasons set forth below, the Court grants plaintiff's IFP application and respectfully recommends that the plaintiff's pleading be dismissed with leave to file an amended complaint within 30 days.

## BACKGROUND

At the outset, the Court liberally construes plaintiff's submission, filed as a "Note of Challenge Test" to be a complaint. See Fed. R. Civ. P. 7 (stating that "[o]nly these pleadings are allowed: (1) a complaint . . ."). However, plaintiff's complaint is difficult to decipher. Plaintiff alleges that a purported illegal stop and search by a sergeant of the New York City Police Department occurred "on or about 1978" when plaintiff "was returning from the library." (ECF No. at 1). Plaintiff claims that he, "as an African-American man," was racially targeted by the

1

alleged unlawful stop and search, and that as a result of the stress from the incident, he had a stroke. (Id. at 1-2). He also states that "Bailbondsman Wendell was denied to carry a firearm," presumably on the following dates, which are listed next to this allegation: February 1980, June 2007, and June 2015. (ECF No. 1 at 3, 6). Plaintiff also states that he fought in Vietnam and was honorably discharged from the Army in 1969. (Id. at 70). He claims that he earned a certificate of completion from a bail bond institution and that this certificate granted him the right to carry a firearm. (Id.) He seeks $110,000,000.000 in damages. (Id. at 74).

Interspersed throughout plaintiff's submission are citations to the United States Constitution, the United States Code, and the Magna Carta, among other citations. (ECF No. 1 at 1-6). Plaintiff also attaches copies of federal criminal procedures and laws, a copy of the decisions in some cases, and an article on the Bondsman's Right to Arrest. (Id. at 7-74).

On January 9, 2022, plaintiff filed an additional "Note of Challenge" and then on August 2, 2023 he filed a "Notice." (ECF Nos. 7-8). Both of these documents appear to be variations of his initial pleading, containing many of the same allegations and adding some additional allegations and other citations. For example, in the August 2, 2023 submission, he adds that the illegal stop and search occurred "at the Long Island Railroad" and that he was searched by a sergeant "Costello," a non-party. (ECF No. 8 at 1).

## DISCUSSION

A. IFP Application

In moving to proceed *in forma pauperis*, plaintiff claims that he is currently not employed, but that he receives an unspecified amount of benefits from the veterans administration. (ECF No. 4). Currently, he has $200.00 in his bank account, and his monthly

expenses total $3,500. (Id.) Given plaintiff's representations about his current financial status, the Court respectfully recommends granting plaintiff's IFP motion.

### B. Sufficiency of Pleading – Standard of Review

"A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Biro v. Conde Nast, 807 F.3d 541, 544 (2d Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550U.S. 544, 570 (2007)), cert. denied, 578 U.S. 976 (2016). A claim is sufficiently plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Iqbal, 556 U.S. at 678). However, a court need not accept the truth of legal conclusions or labels couched as factual allegations, see Papasan v. Allain, 478 U.S. 265, 286 (1986), and "bald assertions and conclusions of law will not suffice." Amron v. Morgan Stanley Inv. Advisors, Inc., 464 F.3d 338, 344 (2d Cir. 2006) (quoting Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)).

Ultimately, when the well-pleaded facts allow no more than an inference of a "mere possibility of misconduct" and the plaintiff has only alleged, rather than shown, an entitlement to relief, the federal pleading standard of Rule 8(a)(2) has not been satisfied. Ashcroft v. Iqbal, 556 U.S. at 679. However, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds, Harlow v. Fitzgerald, 457 U.S. 800 (1982); accord Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013). Further, "where, as here, a plaintiff proceeds pro se, his pleadings 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Shider v. Allied Universal Sec. Co., No. 21 CV 6425, 2023 WL

2652280, at *2 (E.D.N.Y. Mar. 27, 2023) (quoting Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013)). "A pro se complaint, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Boykin v. KeyCorp, 521 F.3d 202, 213–14 (2d Cir. 2008)).

Notwithstanding the lenient standard, the district court shall dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

C. Analysis

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of claim against each defendant named so that each defendant has adequate notice of the claims against them. Iqbal, 556 U.S. at 678. In his papers, plaintiff makes no reference to exactly where this purported illegal stop and search occurred nor does he sufficiently identify the individual who searched him.

The plaintiff must provide facts sufficient to allow each named defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." Harnage v. Lightner, 916 F.3d 138, 141 (2d Cir. 2019) (quoting Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000)). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative, . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). However, a *pro se* litigant should generally be granted "leave to amend at least once." Shomo v. City of N.Y.,

579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

Here, plaintiff names Michael Codd, a former New York City Police Commissioner and Keechant L. Sewell, the current New York City Police Commissioner as defendants in the case but fails to allege any facts in his Complaint to suggest the personal involvement of these defendants. Indeed, plaintiff's initial pleading does not even identify the individual who searched him, and then in the subsequent submission names only a "Costello." The only allegations regarding the personal involvement of defendants Codd and Sewell are in plaintiff's most recent August 2, 2023 filing, which states only that "they," with "Costello" "did not give [plaintiff his] Miranda rights." (ECF No. 8 at 2). However, there are no other allegations regarding when this supposed alleged lack of Miranda rights occurred or if Codd and Sewell were even present during the unlawful search and seizure. Nor are there any allegations suggesting their personal involvement in plaintiff's claims that he was denied the right to carry a firearm. Thus, plaintiff's pleading does not contain any plausible claims against these defendants.

Most importantly, the initial pleading and the subsequent submissions, lack timely claims against any of these defendants. For example, claims brought pursuant to 42 U.S.C. § 1983, must be filed within three years of the date on which such claims accrued. Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015); Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994). Typically, a cause of action under section 1983 accrues "when the plaintiff knows of or has reason to know of the injury which is the basis of his action." Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks omitted); see also Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013) (holding that "Federal law determines when a section 1983 cause of

5

action accrues, and we have ruled that accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action.") (internal quotation marks omitted).

Given that plaintiff alleges that the illegal search and seizure occurred in 1978, it is likely that the statute of limitations on plaintiff's constitutional claims have long since expired, and yet plaintiff provides no explanation in his pleading to support tolling of any relevant statutes of limitations.

Accordingly, the Court respectfully recommends that, since plaintiff's submission fails to comply with Fed. R. Civ. P. 8, the Complaint should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to amend in light of plaintiff's *pro se* status.

## CONCLUSION

Accordingly, the Court respectfully recommends that plaintiff's motion to proceed *in forma pauperis* be granted and that the complaint be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B). However, in light of plaintiff's *pro se* status, it is further recommended that plaintiff be granted leave to amend the complaint within 30 days from the date of any Order adopting this Report and Recommendation.

If plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 22-CV-6725 (LDH) (CLP). Plaintiff should name as defendants those individuals who had some specific personal involvement in the actions he alleges occurred. For each named defendant, plaintiff should include a brief description of what each defendant did or failed to do, and how those acts or omissions caused plaintiff injury, along with the date and location of each event or incident, and the relief he seeks. If plaintiff does not know the names of such individuals, he may identify each defendant as John Doe #1 or Jane Doe #1, along with their title and place of employment.

Additionally, if plaintiff applied and was denied a license or permit to carry a firearm, he should provide a copy of the decision and any other relevant documents related to his firearms application. Finally, if plaintiff's claims accrued before November 8, 2019 and he is alleging civil rights or due process violations, he must provide facts to support tolling of the three-year statute of limitations or his claims may be dismissed as time-barred.

Thus, the Court also recommends that if plaintiff does not file an amended complaint in compliance with the Court's instructions, the case be dismissed without prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: August 14, 2023
Brooklyn, New York

/s/ Cheryl L. Pollak
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York